609 So.2d 1005 (1992)
Darren L. JOHNSON
v.
RIVERPLEX INTERNATIONAL.
No. 92-CA-547.
Court of Appeal of Louisiana, Fifth Circuit.
November 24, 1992.
Writ Denied January 29, 1993.
Robert M. Becnel, Sylvia T. Steib, LaPlace, for plaintiff-appellee.
James L. Donovan, Jr., Metairie, for defendant-appellant.
Before KLIEBERT, DUFRESNE and GOTHARD, JJ.
DUFRESNE, Judge.
Edgar Johnson, Jr. and Sedonia Johnson, parents of Darren Johnson filed a claim for death benefits pursuant to LSA-R.S. 23:1231(A-B), against Darren's employer, Riverplex International incidental to an on the job accident occurring November 30, 1990. On this day, Darren Johnson was in the hold of a ship off-loading rice sacks as they were lowered down by a crane. Darren Johnson either became entangled or grabbed the hooks of the device which held the sacks of rice at the end of the cables used to raise or lower the rice by the crane operator. Darren Johnson went up with the device (hooks) to a point some witnesses estimated between 60 to 80 feet, when he dropped or fell, causing severe internal injuries ultimately causing his death a few days later.
Darren Johnson was initially taken to River Parish Hospital, where urine samples *1006 were collected and revealed that Mr. Johnson had previously consumed marijuana and cocaine. He was transferred to East Jefferson Hospital where he died from his injuries.
He had never married nor had any children, but was survived by his parents and siblings. He lived all his life with his parents, helping them with financial support and domestic duties. Darren's parents filed a claim for dependency, this however was rejected by Riverplex.
At trial, on September 13, 1991, Riverplex offered evidence to support its defense that the dependency claim was barred because of Darren Johnson's alleged intoxication on the date of the accident. The trial judge disagreed and held that Darren Johnson's parents qualified for death benefits as per LSA-R.S. 23:1231(A-B).
From this judgment Riverplex has appealed, contending reversible error because the trial judge failed to find that Darren Johnson's presumption of intoxication contributed to his accident, or his actions constituted horseplay. Riverplex has not appealed the finding of legal dependance.
The trial judge held that Riverplex met its burden by the preponderance of the evidence that Darren Johnson was intoxicated at the time of the accident. LSA-R.S. 23:1081 et seq. However, the claimants defeated Riverplex's presumption by clear and convincing evidence that the intoxication was not a contributing cause to the accident. A-R.S. 23:1081(12).
At trial, the Riverplex supervisor, William Bourgeois and three co-workers, Kevin Cook, Peter Jasper and Timothy Perrilloux, gave conflicting testimony as to whether Darren was hooked by his glove or by his finger, or whether he was holding on with one hand or two; but they all testified that they did not see how or when Darren became entangled in or on the cable. All witnesses testified that they became aware that Darren was on the hooks after he was being lifted.
Kevin Cook knew Darren Johnson well and frequently rode to work with him. On the day of the accident, Mr. Cook worked in the same area with Darren Johnson and never saw him take drugs. They worked together off-loading sacks of rice from 7:00 A.M. until the time of the accident, approximately 6:15 P.M. In fact, they had worked in this manner on previous days. Cook further testified that William Bourgeois was not present to oversee the off-loading operation at the time the incident occurred.
Mr. Bourgeois testified that he did not see Darren Johnson take any drugs and that he did not appear intoxicated, nor was he otherwise acting unusual. In fact, all of the witnesses saw Darren Johnson working in a normal and usual manner, and did not appear intoxicated.
Although Darren Johnson tested positive for marijuana, and/or cocaine, there was no evidence that he was intoxicated at work or at the time of his accident.
Expert testimony alone is not enough to establish that Darren Johnson was intoxicated at the time of his accident. No other evidence was placed into the record concerning any behavior of Darren Johnson prior to the accident that would suggest his intoxication. Riverplex must prove by competent evidence other than mere fact of intoxication that the accident was caused by the intoxication. See Folse v. American Well Control, 536 So.2d 686 (La.App. 3rd Cir.1988). We must examine all the evidence (or lack thereof) other than only the incident, such behavior that would clearly demonstrate the employee's intoxication and resulting impairment or loss of control. Folse, supra.
In this case, Darren Johnson did not exhibit any behavioral patterns which clearly demonstrated a man with impaired or loss of mechanical or thought control.
The mere fact that drugs were found in his body after the accident does *1007 not preclude his parents' recovery under LSA-R.S. 23:1081. It merely shifts the burden of proof back to claimants to prove that the presumption of intoxication was not the cause of the accident.
After reviewing the evidence, we agree with the trial judge that the presumption of Darren Johnson's intoxication was not the cause nor contributing cause of his accident.
Accordingly, the judgment of the trial judge is affirmed. Darren Johnson's parents are entitled to death benefits pursuant to LSA-R.S. 23:1231(A-B).
AFFIRMED.